991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Harry Kenneth JOHNSON, Defendant-Appellant.
 No. 91-5392.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 20, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CR-90-116-MJG)
 Kenneth D. Auerbach, AUERBACH & DEUTSCH, for Appellant.
 Richard D. Bennett, United States Attorney, Joseph L. Evans, Assistant United States Attorney, for Appellee.
 D.Md.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Jeffrey Harry Kenneth Johnson was convicted by a jury of conspiracy to commit credit card fraud (18 U.S.C.A.s 1029(b)(2) (West Supp. 1992)), credit card fraud (18 U.S.C.A. § 1029(a)(2) (West Supp. 1992)), and theft of mail (18 U.S.C.A. §§ 1708, 2 (West 1984, 1969)). In sentencing Johnson, the district court found that he had committed perjury while testifying in his own defense at trial and gave an adjustment for obstruction of justice under guideline section 3C1.1.* Johnson appeals the sentence, arguing that basing the adjustment on his untruthful trial testimony violated due process, and that the district court's findings are inadequate to support its determination that he committed perjury. The government has moved to dismiss the appeal on mootness grounds because Johnson has finished serving his fifteen-month sentence. We deny the motion to dismiss and affirm the sentence.
 
 
 2
 The appeal is not moot even though Johnson is no longer in custody because he has yet to complete a three-year term of supervised release. The district court was required to impose a term of supervised release because Johnson's sentence of imprisonment was more than one year. U.S.S.G. § 5D1.1(a). Had the district court not made the obstruction of justice adjustment, Johnson's offense level would have been twelve, his range would have been ten to sixteen months, and it would have been within the court's discretion to impose a sentence of less than a year with or without a term of supervised release. United States v. Lira-Barraza, 941 F.2d 745, 746 n.1 (9th Cir. 1991) (in banc).
 
 
 3
 Although before his arrest Johnson admitted to federal agents that he knew of the credit card fraud scheme being carried on in the Radio Shack store where he was manager, and admitted his own participation in the scheme, at his trial Johnson denied both knowledge and participation. He explained his previous statement by saying that it was inaccurate and partially fabricated by the agents. The government's evidence conclusively refuted some of Johnson's testimony in that store records and computer records showed that he had used stolen cards to charge merchandise on days when he had said he was not in the store.
 
 
 4
 Johnson's testimony was obviously material to his guilt or innocence. Defense counsel argued in a sentencing memorandum and at the sentencing hearing that Johnson's false testimony might have been due to forgetfulness or negligence. However, after extended discussion of the issue, the district court found that Johnson had knowingly testified falsely about his participation in the fraud, and about specific matters to support his position-i.e. that he was innocent. The district court's factual findings encompassed all the elements of perjury and are borne out by the record. Application of the adjustment was therefore warranted under United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S. 1993).
 
 
 5
 The government's motion to dismiss the appeal is accordingly denied and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1990)